United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40170
Summary Calendar

JESSE JESUS SOLIZ,

Plaintiff-Appellant,

versus

NANNETT HASSETT; JERRY BATEK; JOHN GILMORE; LINDA HARRISON; OSCAR
SOLIZ; PATRICK MCGUIRE; LARRY OLIVAREZ; DIRECTOR TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; CHAIRMAN TEXAS BOARD
OF CRIMINAL JUSTICE; JOHN DOE DEFENDANTS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-437
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesse Jesus Soliz, Texas prisoner #496252, appeals from the
dismissal of his 42 U.S.C. § 1983 action as frivolous, for failure
to state a claim, and for seeking relief against immune defendants.
Soliz challenges his state habeas corpus proceedings and his
transfer to the state prison system following revocation of his
parole. Soliz moves to supplement the record; his motion is
DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Soliz contends that he was deprived of access to the courts by the actions of the state trial court during state habeas corpus proceedings. Defects in state habeas corpus procedures "do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

Soliz contends that he was deprived of his right of access to trial counsel and of his right to communicate with the outside world by being transferred to the custody of the state prison system. Soliz had no constitutionally protected right to incarceration in any particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983).

Soliz contends that the district court erred by failing to make any findings regarding his claim that defense counsel and the prosecutor conspired to prosecute him maliciously. Soliz states that his civil rights were violated by the two defendants, but does not allege facts or argue law to support that proposition. Soliz has failed to brief the issue for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Soliz's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Soliz is warned that the dismissal of his complaint counts as a strike for purposes of 28 U.S.C. § 1915(g) and that the dismissal of his appeal counts as a second strike. *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). When Soliz accumulates three strikes

2

he will not be allowed to bring a civil action or appeal a judgment in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

APPEAL DISMISSED.  5TH CIR. R. 42.2.